UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN RE:  APPLICATION OF ATTORNEY ) <br> GENERAL OF QUEBEC FOR AN ORDER ) <br> TO TAKE TESTIMONY OF PAUL BUDGE ) <br> FOR USE IN A FOREIGN PROCEEDING ) <br> UNDER 28 U.S.C. § 1782 ) | 1:21-mc-00264-JCN |

******************************************

| | |
|---|---|
| IN RE:  APPLICATION OF ATTORNEY ) <br> GENERAL OF QUEBEC FOR AN ORDER ) <br> TO TAKE TESTIMONY OF LYNNE ) <br> LABONTE FOR USE IN A FOREIGN ) <br> PROCEEDING UNDER 28 U.S.C. § 1782 ) | 1:21-mc-00266-JCN |

_____

## ORDER ON MOTIONS TO TAKE TESTIMONY

After obtaining two requests for international judicial assistance (letters rogatory) from the Quebec Superior Court in the Province of Quebec, Canada, Petitioner, the Attorney General of Quebec, asks the Court to issue subpoenas directing two individuals (Paul Budge and Lynne Labonte, collectively, the witnesses) to provide testimony for use in a trial in the court in Quebec (the Canadian proceeding). (1:21-mc-00264-JCN: Application, ECF No. 1; Motion, ECF No. 4.) (1:21-mc-00266-JCN:  Motion, ECF No. 1.) Following a review of the record in both matters and after consideration of Petitioner's filings, the Court grants in part the requests.

### DISCUSSION

Petitioner seeks the subpoenas pursuant to 28 U.S.C. § 1782, which provides that the district court may order a person to give testimony for use in a foreign court upon a request made pursuant to "a letter rogatory issued, or request made, by a foreign or

international tribunal or upon the application of any interested person …" 28 U.S.C. § 1782(a).  In *In re Schlich*, 893 F.3d 40 (1st Cir. 2018), the First Circuit identified the factors relevant to a court's assessment of a request for an order pursuant to § 1782:

> Today's § 1782 is the product of over 150 years of Congressional effort and manifests the intent to provide federal-court assistance in gathering evidence for use in foreign tribunals. The text of § 1782 provides that granting discovery is proper only if: 1) the person from whom discovery is sought resides or is found in the district where the court sits; 2) the request seeks evidence (the testimony or statement of a person or the production of a document or other thing) for use in a proceeding in a foreign or international tribunal; 3) the request is made by a foreign or international tribunal or by any interested person; and 4) the material sought is not protected by any legally applicable privilege.  If all of these statutory requirements are met, the district court is authorized, but not required, to provide judicial assistance by permitting discovery.
>
> The district court's discretion to allow discovery if all § 1782 requirements are met is not boundless. Rather, district courts must exercise their discretion under § 1782 in light of the twin aims of the statute: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts. The Supreme Court has identified four discretionary factors that also bear consideration in arriving at a decision. The first factor to consider is whether the person from whom discovery is sought is a party to the foreign proceeding, in which case the need for § 1782(a) aid generally is not as apparent because a foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. The second factor … was adopted from a Senate Report explaining that a court may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance. The third factor to consider is whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States. Finally, the fourth factor addresses whether the request is unduly intrusive or burdensome to the extent that it should either be trimmed or rejected outright. In sum, a district court must first determine whether the statutory requirements are met. If they are, the district court should then consider the four discretionary factors before arriving at a decision.

*Id*. at 46-47 (internal quotation marks and citations omitted).

As to the textual requirements of § 1782, Petitioner has demonstrated that (1) the witnesses reside in the District of Maine, (2) the witnesses' testimony would be for use in the Canadian proceeding, and (3) the requests are made by a party to the Canadian proceeding and pursuant to Letters Rogatory issued by the court presiding over the Canadian proceeding.  (Declarations of Ruth Arless-Frandsen, ECF No. 2.)

With the statutory requirements satisfied, the Court has the discretion to issue the subpoenas.  An assessment of the discretionary factors identified in *Schlich* supports the issuance of the subpoenas: given that the witnesses reside in Maine, the Canadian court does not have jurisdiction over and, therefore, cannot compel the witnesses to testify in the trial; the Canadian proceeding arises out of a devastating train derailment and the Canadian court has requested this Court's assistance; the record lacks any evidence to suggest that the requests are an effort to circumvent any proof-gathering restrictions or policies of Quebec – in fact, the Canadian court has requested this Court's assistance; and compliance with a subpoena to provide remote testimony would not be unduly burdensome or intrusive for the witnesses - the witnesses would not have to travel to Canada to provide the testimony and could testify from their homes.  In short, Petitioner's requests for the subpoenas are reasonable and supported by the record.

The issue is whether this Court can or should order the witnesses to testify remotely at the trial and/or require each witness to appear at a deposition to be conducted remotely. While Petitioner maintains the Court can authorize a subpoena directing a person to testify remotely at trial despite the geographical limitations of Federal Rule of Civil Procedure 45(c), Petitioner acknowledges that "[i]t appears that no court has specifically addressed

3

remote trial testimony in a foreign proceeding through the Letters Rogatory process." (Motion at 9-10.)[1]

Petitioner relies in part on this Court's decision In *Official Committee of Unsecured Creditors v. Calpers Corporate Partners, LLC*, No. 1:18-cv-68-NT, 2021 WL 3081880, at *3 (D. Me. July 20, 2021), where the Court (Torresen, J.) considered whether an out-of-state witness could be subpoenaed to testify remotely at a trial in a courtroom in this District that was more than 100 miles from the witness' home. Noting the issue was "novel" in the District, the Court observed that "other courts have addressed similar requests and have come to varying conclusions." *Id*. at *2. After assessing the decisions of other courts, the Court concluded that "where there is good cause in compelling circumstances, a court can authorize a witness to testify via contemporaneous video transmission and can then subsequently compel the witness to give the testimony from a location within 100 miles of her residence." *Id*. at *3.

Because Petitioner asks the Court to authorize subpoenas directing the witnesses to testify in a foreign court pursuant to § 1782, Petitioner's request does not present the exact issue addressed by the Court in *Calpers*. The Court's authority is governed by § 1782, which authorizes the district court to order a person to give testimony "for use in a proceeding in a foreign or international tribunal." The statute's language and case law suggest the statute is designed to facilitate pretrial discovery rather than trial testimony. *See, e.g., In re Porsche Automobil Holding SE*, 985 F.3d 115, 120 (1st Cir. 2021) ("Section

---

[1] Because Petitioner's filings in both matters are essentially the same, reference to the record shall be to the motion in 1:21-mc-00264-JCN.

1782 authorizes district courts to order persons residing in their district to participate in discovery 'for use in a proceeding in a foreign or international tribunal.'")

Given that § 1782 requests have typically been used to obtain discovery, given the lack of authority to suggest that § 1782 authorizes the district court to order remote trial testimony in a foreign court, given that under the *Calpers* reasoning, the Court could direct the witnesses to appear for a deposition in accordance with Federal Rule of Civil Procedure 45(c), given that Federal Rule of Civil Procedure 30 specifically authorizes the Court to order a deposition be taken by remote means, and given that Petitioner's application "in essence, allows [Respondent] the choice of either: (a) remote trial testimony or, in the alternative, (b) remote videotape deposition" (Motion at 11), the Court will authorize the issuance of subpoenas directing the witnesses to appear for a videotaped deposition by remote means rather than directing the witnesses to testify by remote means at the trial.[2]

## CONCLUSION

Based on the foregoing analysis, the Court finds and orders:

1. The Clerk shall issue subpoenas directing the witnesses to appear for a videotaped deposition by remote means to give testimony in the Canadian proceeding.[3] Prior to the issuance of the subpoenas, Petitioner shall notify the Clerk of the dates and times at which the depositions will be conducted.

---

[2] Because the Court is authorizing subpoenas for depositions, and not trial testimony, the Court does not believe the Court has to find good cause in compelling circumstances for the deposition testimony to be taken remotely as discussed in *Calpers*.

[3] Because this order is issued on Petitioner's application without notice to the witnesses, the Court is not aware of any bases the witnesses might have to object to the issuance of the subpoenas to appear for the depositions. The Court's order is subject to the ability of the parties and the witnesses to ask the Court to quash or modify the subpoenas in accordance with Federal Rule of Civil Procedure 45(c).

2. After service of a subpoena, if a witness prefers, the witness can agree to testify remotely at trial.

3. Each witness may have counsel present during the deposition or trial testimony.

4. Each witness may be questioned on the subject matter of the Canadian proceeding, subject to any applicable privilege.

5. The Honourable Martin Bureau, J.C.S., of the Quebec Superior Court, is appointed Rogatory commissioner; for any deposition that is conducted without the involvement of the Quebec Superior Court, in accordance with 28 U.S.C. § 1782(a), the Court directs Petitioner to secure the services of a certified court reporter and the Court appoints the court reporter to administer the oath and take the testimony.

6. A copy of this order shall be served with the subpoena.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of September, 2021